# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JUNIOR ROBINSON, | ) |
| | ) |
| Plaintiff, | ) Cause No.: |
| | ) |
| vs. | ) Division: |
| | ) |
| THE CITY OF ST. LOUIS | ) |
| | ) JURY TRIAL DEMANDED |
| <u>SERVE AT</u>: | ) |
| Julian Bush | ) |
| 1200 Market Street, Rm. 314 | ) |
| St. Louis, MO 63103 | ) |
| | ) |
| JENNIFER-CLEMONS | ) |
| ABDULLAH in her official capacity | ) |
| as Commissioner of the St. Louis | ) |
| Division of Corrections | ) |
| | ) |
| <u>SERVE AT</u>: | ) |
| St. Louis City Justice Svcs. | ) |
| 200 South Tucker Blvd. | ) |
| St. Louis, MO 63102 | ) |
| | ) |
| CORRECTIONAL OFFICER | ) |
| JOHN DOE 1, in their individual | ) |
| capacity | ) |
| | ) |
| CORRECTIONAL OFFICER | ) |
| JOHN DOE 2, in their individual | ) |
| capacity | ) |
| | ) |
| CORRECTIONAL OFFICER | ) |
| JOHN DOE 3, in their individual | ) |
| capacity | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff Junior Robinson and for his Complaint against the City of St. Louis, Jennifer Clemons-Abdullah and Correctional Officer John Does 1-3 alleges as follows:

### JURISDICTION AND PARTIES

1. Plaintiff Junior Robinson is a natural person and United States Citizen currently residing in the state of Missouri. On March 18, 2022, he was in the custody of defendants at the St. Louis City Justice Center ("CJC").

2. Defendant City of St. Louis, Missouri, is a political and geographic subdivision of the State of Missouri and is organized as a constitutional charter city under Article VI, section 19 of the Missouri Constitution. The City is the public entity responsible for oversight of the City Justice Center through the Division of Corrections within the Department of Public Safety.

3. Defendant Jennifer Clemons-Abudullah is the Acting Commissioner of the St. Louis Division of Corrections and is being sued in her official capacity. Defendant Clemons-Abudullah directed the Division of Corrections and enforces the detention of individuals housed at City Justice Center. At all times relevant to the subject matter of this litigation, Defendant Clemons-Abudullah was responsible for training and supervising all other Defendants and other employees of the City of St. Louis staffing the

City Justice Center, for setting jail policy, and for ensuring the health and welfare of all persons detained at City Justice Center. At all times relevant to the facts and claims herein, Defendant Clemons-Abudullah was operating under color of law and within the scope of her employment with the City.

4. That at all times relevant, Defendants John Does 1-3 are and were as-yet unidentified individuals or entities employed or contracted in a capacity as officers, sheriffs, personnel and/or employees at the CJC and are being sued in their individual and official capacities.

5. That at all times relevant, Defendants and each of them were agents, servants, and employees of each other, acting within the scope and course of the said agency and employment.

6. That at all times relevant, Defendants and each of them, were responsible for the housing, care, safety, custody and control of detainees at the CJC, including Plaintiff and owed them a duty.

7. That Plaintiff brings this action against Defendants and each of them pursuant to 42 U.S.C. § 1983 for damages for Defendants' deprivation of Plaintiff's constitutionally protected liberty rights by reason of Defendants' violation of Plaintiff's due process rights pursuant to the 4th, 8th, and 14th Amendments of the U.S. Constitution.

8. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1331 and § 1343 because the matters in controversy arise under federal law and the United States Constitution.

9. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(e) because the events giving rise to Plaintiff's claims occurred in the Eastern District of Missouri.

## FACTS

10. On March 17, 2022, Plaintiff Junior Robinson was in Tank 9 at CJC along with six other inmates.

11. He perceived threats from one of the other tank-mates and, as a result, he requested a move to a different tank. This request was denied.

12. At approximately 8:20 a.m., still in fear for his safety, Junior Robinson leaped over a wall to remove himself from a situation he perceived as dangerous.

13. In response, corrections officers employed mace against Plaintiff, handcuffed him and moved him to a different location, Tank 1.

14. A "Use of Force Report" detailing the incident was generated by CJC, documenting the circumstances surrounding the use of mace and Plaintiff's subsequent move to Tank 1.

15. Later that day, Plaintiff was transferred again, this time from Tank 1 to a room by himself.

16. From this cell where Plaintiff was in isolation, three corrections officers removed him into a hallway and beat him, seemingly in retaliation for his earlier actions. This assault raises concerns about the officers' conduct and motives.

17. As a result of the various incidents, Plaintiff suffered serious injuries, including head and nose injuries, a fractured cheekbone, an injured knee, and the loss of teeth. These injuries indicate the severity of the assaults.

## COUNT I

### Excessive Force in Violation of Fourteenth Amendment Under 42 U.S.C. § 1983 (Plaintiff Against Defendants John/Jane Doe 1-3)

18. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

19. Defendants John/Jane Doe 1-3 purposefully or knowingly used objectively unreasonable force on Plaintiff when they beat him to the point of fracturing his cheek bone, knocking out his teeth and injuring his knee.

20. The circumstances under which Defendants John/Jane Doe 1-3 used the force described above were not rationally related to a legitimate governmental purpose or, alternatively, were excessive in relation to any legitimate governmental purpose.

21. Defendants' actions were undertaken with malice and/or reckless disregard for Plaintiff's constitutional rights.

22. Defendants' actions were the direct and proximate cause of the violations of Plaintiff's constitutional rights and the damages he suffered including pain, suffering, emotional distress and injury.

WHEREFORE Plaintiff Junior Robinson respectfully prays that this Court enter judgment in his favor and against Defendants and award Plaintiff Junior Robinson a fair and reasonable amount in excess of $25,000.00 and compensatory damages, attorney fees, punitive damages, and any other such relief to which Plaintiff is entitled and that this Court deems just and appropriate.

## COUNT II

### *Monell* Claim for Excessive Force in Violation of Fourteenth Amendment Under 42 U.S.C. § 1983 (Plaintiff Against Defendant the City of St. Louis and Jennifer Clemons-Abudullah in their official capacities)

23. Plaintiff incorporates all preceding paragraphs as if fully set forth in this Count.

24. At the time of Plaintiff's confinement, Defendants City of St. Louis and Jennifer Clemons-Abdullah had or should have had notice of widespread practices by employees at CJC under which detainees were

assaulted by corrections officers for the malicious purpose of infliction of pain and punishment.

25. These widespread practices are the result of the lack of formal training and supervision on the use of force and the lack of repercussions for the excessive use of force.

26. These widespread practices were allowed to flourish and became so well-settled as to constitute de facto policy of the CJC because governmental policymakers with authority over the jail exhibited deliberate indifference to the problem, thereby effectively ratifying it.

27. Additionally, these practices are allowed to flourish because CJC staff routinely obstructs and completely disregards detainee complaints regarding instances of force by correctional officers, so as to cover-up and insulate staff from sanctions including civil and criminal repercussions when targeting and abusing detainees.

28. Plaintiff's injuries were caused in substantial part by these widespread policies, practices, and procedures promulgated by the CJC.

WHEREFORE Plaintiff Junior Robinson respectfully prays that this Court enter judgment in his favor and against Defendants and award Plaintiff Junior Robinson a fair and reasonable amount in excess of $25,000.00 and compensatory damages, attorney fees, punitive damages, and

any other such relief to which Plaintiff is entitled and that this Court deems just and appropriate.

>*/s/ Kevin P. Etzkorn*
>Kevin P. Etzkorn, #56564
>8821 Manchester Road
> Brentwood, MO 63144
>P: (314) 987-0009
>F: (314) 470-4466
>kevin@etzkornlawyers.com
>**Attorneys for Plaintiff**